859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George MANUEL; Shirley Manuel, Plaintiffs-Appellants,
v.
MIAMI CONSERVANCY DISTRICT; United States Environmental
Protection Agency, Defendants-Appellees.
 No. 88-3121.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs, husband and wife, brought this civil rights action under 42 U.S.C. Sec. 1983 against the Miami Conservancy District (Conservancy) and the United States Environmental Protection Agency (EPA). The plaintiffs sought monetary damages in connection with an alleged improper taking of property (farmland) by defendants in 1983. The district court dismissed the claims against the EPA and entered summary judgment for the Conservancy on all claims. This appeal followed. On appeal the parties have briefed the issues, plaintiffs proceeding pro se.
 
 
 3
 Upon consideration, we agree with the district court's disposition of this case. Plaintiffs' attempt to prosecute a civil rights action under Sec. 1983 against a federal agency (the EPA) was misplaced. District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973). The conspiracy allegations were set forth in vague and conclusory terms and were therefore correctly dismissed. Gutierriez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 4
 We have likewise considered plaintiffs' contentions that the summary judgment for the Conservancy was improvidently entered. We find there was no genuine issue of material fact presented and that the Conservancy was entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Conservancy presented clear evidence that the instant complaint was virtually identical to a complaint filed, and completely settled, some years earlier. Presented with the clear absence of a jury question plaintiffs were required to controvert the motion for summary judgment or face an adverse decision. The entry of judgment for the Conservancy, in the absence of a response, was correct. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 5
 It is therefore ORDERED the district court's judgment be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.